Case 2:07-cv-00955-FJM   Document 30   Filed 10/29/07   Page 1 of 5

**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Covington and Deborah Covington, | No. CV-07-0955-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Patriot Motorcycles Corp., et al., | |
| Defendants. | |

The court has before it defendants Dick Simon and Dianne Simon's motion to dismiss (doc. 25), plaintiffs' response (doc. 28), and defendants' reply (doc. 29). Plaintiffs have alleged seven counts against multiple defendants. Defendants move to dismiss the only three counts of the amended complaint (doc. 25) that apply to them. For the reasons below, the motion is granted in part and denied in part.

**I.**

The first amended complaint alleges the following facts. Plaintiffs, residents of Arizona, were shareholders and officers of a motorcycle manufacturing business called Surgical-Steeds Classic American Motorcycles, Inc. ("Surgical-Steeds"). In July 2005, plaintiffs sold some of their Surgical-Steeds assets to Patriot Motorcycles Corp. ("Patriot"), a Nevada corporation that conducts business in Arizona, and entered into employment

1  agreements with Patriot. Plaintiffs also owned various registered trademarks associated with
2  the Surgical-Steeds brand and later licensed several of them to Patriot. The relationship
3  quickly soured. In October 2006, Patriot asked plaintiffs to repurchase some of the assets;
4  when plaintiffs refused, Patriot terminated their employment agreements.

5  Of the seven claims brought by plaintiffs, only three (counts I, VI, and VII) apply to
6  Dick and Dianne Simon ("defendants"), both residents of California. Dick Simon is a former
7  employee and shareholder of Patriot. Generally, the complaint alleges that Mr. Simon made
8  misleading statements to entice plaintiffs to transact with Patriot, that he contributed to the
9  misuse of the licensed trademarks, and that he sold Patriot stock without a broker's license.
10 Count I alleges breach of contract; count VI alleges common law fraud; and count VII alleges
11 aiding and abetting tortious conduct, namely, violation of the Lanham Act and state unfair
12 competition law. Dianne Simon has never worked for Patriot and is named in this action
13 only because she is the wife of Dick Simon, whose "actions were for the benefit of their
14 marital community." Complaint ¶ 4.

**II.**

16 We first address defendants' contention that "Dianne Simon is not personally liable
17 under any of the counts contained in the complaint by reason of marriage." Motion to
18 Dismiss at 11. The contention misses the point. Dianne Simon was named solely to help
19 plaintiffs reach community property in the event of a monetary judgment. Under Arizona
20 law, for example, one spouse acting "for the benefit of the community" can incur community
21 debts, but *both* spouses must be joined as defendants in order for a judgment creditor to reach
22 community assets. A.R.S. § 25-215(d). Where an action is based on one spouse's unilateral
23 conduct, the joinder requirement is not to pin personal liability on the "innocent" spouse;
24 rather, it is to give that spouse an opportunity to contend that the underlying conduct was not
25 for the benefit of the community.

26 Defendants suggest that only California community property law applies in this
27 action. If that is so, and if under California law joinder of both spouses is unnecessary for
28 judgment creditors to reach community assets, then we would see no need for Dianne Simon

1  to continue as a defendant in this matter, and we would dismiss all claims against her.
2  Defendants preserve the right to make such a showing, but we believe that it has not been
3  made sufficiently at this time.

**III.**

5  We now address the substantive allegations. In Count I, headed "Breach of
6  Employment Agreements/Wrongful Termination," plaintiffs allege that "Patriot, in
7  conjunction with the individual defendants [including Mr. Simon], breached the employment
8  agreement[s]." Complaint ¶ 26. However, Mr. Simon cannot be liable for breach of
9  contract, because he was not a party to the employment agreements between plaintiffs and
10 Patriot.

11 Plaintiffs also allege that Mr. Simon "aided and abetted the breach of the employment
12 agreement between Patriot and [plaintiffs]." Complaint ¶ 28. Defendants contend that aiding
13 and abetting breach is not a cause of action. In response, plaintiffs support their allegation
14 by advancing two tort theories: aiding and abetting tortious conduct and tortious interference
15 with contract. Response at 4. The first theory, aiding and abetting tortious conduct, is
16 inappropriate in count I because plaintiffs allege that Mr. Simon abetted *breach of contract*,
17 which by itself is not tortious conduct. Despite the complaint heading, plaintiffs do not, and
18 probably could not, plead an independent tort of "wrongful discharge," on which to anchor
19 liability for aiding and abetting.

20 Defendants contend that the second theory, tortious interference with contract, fails
21 on the merits. We do not reach the merits. Even reading the complaint in the light most
22 favorable to the non-moving party, plaintiffs have not pled tortious interference with
23 contract; the theory was raised for the first time in their response. Count I against defendants
24 is dismissed.

**IV.**

26 In count VI, plaintiffs allege common law fraud. Defendants contend that the claim
27 was not pled in accordance with the Federal Rules of Civil Procedure, and we agree. "In all
28 averments of fraud or mistake, the circumstances constituting fraud shall be stated with

1  particularity." Rule 9(b), Fed. R. Civ. P. This rule applies to state-law claims brought in
2  federal court. Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103 (9th Cir. 2003). Where, as
3  in this action, fraud is alleged against multiple defendants, Rule 9(b) does not allow blanket
4  allegations; rather, it requires plaintiffs to "inform each defendant separately of the
5  allegations surrounding his alleged participation in the fraud." Swartz v. KPMG LLP, 476
6  F.3d 756, 765 (9th Cir. 2007).

7        The complaint alleges that "numerous representation were made by the Individual
8  Defendants in both their individual and corporate capacities that were false." Complaint
9  ¶ 13. The complaint includes four characterizations of Patriot's business practices as
10 examples, but without identifying the speaker. Id. In this action, plaintiffs have named one
11 corporate defendant and six individual defendants. All seven are grouped together in the
12 fraud claim with no attempt to identify who said what to whom, when. While we do not
13 expect plaintiffs to aver the exact date and time that statements were made, Mr. Simon must
14 be given more notice of the allegations against him. See Vess, 317 F.3d at 1106. Because
15 fraud is a serious allegation, which impugns the character of a defendant, plaintiffs may not
16 allege fraud with the hope of building a case in discovery. The strictures of Rule 9(b) might
17 be relaxed in extreme circumstances where a plaintiff is denied access to the information
18 necessary for specific allegations, but plaintiffs have made no showing that this is such an
19 extreme case. If plaintiffs are able, consistent with their Rule 11 obligations, to allege fraud
20 in a way that comports with Rule 9(b), they will have to amend the complaint. Count VI
21 against defendants is dismissed.

**V.**

23    In count VII, headed "Aiding and Abetting Tortious Conduct," plaintiffs allege that
24 Mr. Simon "aided and abetted Patriot to violate its contracts with [plaintiffs], to commit
25 unfair competition and to violate the Lanham Act." Complaint ¶ 60. Defendants deny the
26 existence of such a cause of action, but it is clearly recognized in both Arizona and

California.[1]  Wells Fargo Bank v. Ariz. Laborers Local 395 Pension Trust Fund, 201 Ariz. 474, 485, 38 P.3d 12, 23 (2002) ("[A] person who aids and abets a tortfeasor is himself liable for the resulting harm to a third person"); Sindell v. Abbott Labs., 607 P.2d 924, 932 (Cal. 1980); see also Restatement (Second) of Torts § 876(b) (stating that a person may be liable for providing "substantial assistance or encouragement" to the tortious conduct of another). Therefore, defendants' motion to dismiss count VII, which was not reiterated in the reply brief, is denied.  However, as explained above, aiding and abetting tortious conduct cannot be rooted in breach of contract, which is not tortious conduct.  Therefore, any aiding and abetting claim must be connected to unfair competition or Lanham Act violations.

## VI.

For the foregoing reasons, **IT IS ORDERED GRANTING** the motion to dismiss counts I and VI of the first amended complaint against Dick Simon and Dianne Simon, and **IT IS FURTHER ORDERED** denying the motion to dismiss count VII.  Plaintiffs shall have to and including November 2, 2007, to file a second amended complaint.  Pursuant to Rule 15(a), Fed. R. Civ. P., defendants shall have ten days from the filing of the second amended complaint to file an answer.  If no second amended complaint is timely filed, defendants shall have to and including November 9, 2007, to answer count VII of the first amended complaint.

DATED this 29th day of October, 2007.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

---

[1] We do not at this point have sufficient facts to decide whether Arizona or California law applies to count VII.

- 5 -