1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Covington, et al., | No. CV-07-955-PHX-FJM |
| Plaintiffs, | **ORDER** |
| v. | |
| Patriot Motorcycles Corporation, et al., | |
| Defendants. | |

This matter arises upon the express referral by the assigned District Judge for resolution of Plaintiffs' Motion for Sanctions related to the undersigned's vacating the February 12, 2008 settlement conference. (docket # 46)

### **Magistrate Judge Jurisdiction**

Pursuant to 28 U.S.C. § 636(b)(1)(A), an United States magistrate judge has authority to enter a lawful, non-dispositive pretrial order upon the express referral of the matter by a district judge. *Maisonville v. F2 Am., Inc.*, 902 F.2d 746 (9th Cir. 1990) (holding that the imposition of Rule 11 sanctions was a non-dispositive matter within the jurisdiction of the magistrate judge without the parties' consent). For example, magistrate judges may impose sanctions pursuant to Rule 37 where such sanctions are necessary to enforce compliance with a valid discovery order or request. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) ($85,000.00 discovery sanction imposed by magistrate judge for party's obstruction of the discovery process, causing unnecessary delay and expense and wilful disobedience of

1 magistrate judge's order is within the authority of a magistrate judge). A magistrate judge may also
2 impose monetary sanctions for failure of a party or counsel to comply with the magistrate judge's
3 Rule 16 settlement conference order. *Pitman v. Brinker International, Inc.*, 216 F.R.D. 481 (D.
4 Ariz. 2003), *amended on review, Pitman v. Brinker International, Inc.*, 2003 WL 23353478,
5 1 (D. Ariz. 2003). If the sanctionable conduct is so egregious, however, to warrant
6 imposition of a dispositive order, such as, striking a defendant's answer and entering default,
7 a magistrate judge may only issue a report and recommendation to the assigned district judge.
8 *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) ("[W]ith respect to dispositive matters, a
9 magistrate [judge] is only permitted to make recommendations for final disposition by an Article
10 III judge who reviews his findings and recommendations, if objected to, *de novo*."); *Yang v. Brown*
11 *Univ.*, 149 F.R.D. 440, 442-43 (D.R.I. 1993) ("[T]he Magistrate[ Judge]'s order crosses the line
12 from non-dispositive to dispositive decision-making. His ruling vitiates plaintiff's case. It is
13 tantamount to an involuntary dismissal.").

14 Federal judges have the inherent authority to enforce Rule 16 settlement
15 conference orders "to preserve the efficiency, and more importantly the integrity, of the
16 judicial process." *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 652 (7th Cir.
17 1989) (en banc) (upholding sanctions for violating court order to appear at settlement
18 conference). "[W]e simply hold that the action taken by the district court in this case
19 constituted the proper use of inherent authority to aid in accomplishing the purpose and intent
20 of Rule 16 . . . Inherent authority remains the means by which [federal] judges deal with
21 circumstances not proscribed or specifically addressed by rule or statute, but which must be
22 addressed to promote the just, speedy, and inexpensive determination of every action." *Id.*
23 at 652 - 653.

24 **IT IS ORDERED** setting an evidentiary hearing before the undersigned on
25 **Tuesday, June 3, 2008 at 3:00 p.m.** for no more than 1.5 hours. Attorneys Daniel D.
26 Maynard and David G. Bray shall be physically present at the evidentiary hearing, shall be
27 prepared to testify under oath regarding the circumstances leading up to the Court's
28 cancellation of the February 12, 2008 referred settlement conference, and shall demonstrate

1  why sanctions should or should not be entered against defense counsel and/or Defendants for
2  violation of the Court's Rule 16 settlement conference order. While it may be in each
3  Defendant's best interests to physically attend the evidentiary hearing, they are not required
4  to do so by the Court.

5        **IT IS FURTHER ORDERED** that defense counsel shall promptly provide
6  to each Defendant or authorized representative a true and complete copy of Plaintiffs' Motion
7  for Sanctions, docket # 42, and a complete copy of this Order so that each Defendant or
8  representative may elect to retain separate counsel to represent their personal interests in the
9  pending hearing and thereby avoid any possible ethical conflict of interest for defense
10 counsel. See, ER 1.7(a)(2); *In re Breen*, 171 Ariz. 250, 255, 830 P.2d 462, 467 (Ariz. 1992).
11 Defense counsel shall promptly file a Notice of Compliance with this Order, setting for the
12 specific details of their/his compliance with this particular Order or the good cause, if any,
13 why a true and complete copy of Plaintiffs' Motion for Sanctions and a copy of this Order
14 were not provided to a particular Defendant or authorized representative.

15       **IT IS FURTHER ORDERED** that Plaintiffs' counsel shall file under seal on
16 or before **Tuesday, May 27, 2008** a complete copy of (1) Plaintiffs' demand letter authored
17 in compliance with the subject settlement conference order, (2) Plaintiffs' settlement
18 conference memorandum, (3) Defendants' settlement conference memorandum, if any, and
19 (4) defense counsel's letter, dated either February 5 or 6, 2008, emailed to the undersigned's
20 chambers. These documents were not filed or otherwise retained by the Court. Both counsel
21 shall also bring with them to the evidentiary hearing any contemporaneous time sheets or
22 billing records for the months of January and February, 2008, reflecting counsels' entries
23 made therein.

24       DATED this 1st day of May, 2008.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

- 3 -