**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Covington, et al., ) | No. CV-07-955-PHX-FJM |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| Patriot Motorcycles Corporation, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

      This matter has been referred to the undersigned to conduct a Rule 55(b)(2), FED.R.CIV.P., default evidentiary damages hearing pursuant to the Hon. Frederick J. Martone's Order, entered on July 7, 2008, subsequent to the entry of default against Defendants Patriot Motorcycles Corporation and Michael Attias. (docket # 63 and # 64)

      To assist the undersigned in conducting the subject hearing and establishing the correct amount of compensatory, punitive damages and injunctive relief, if any, to which Plaintiff may be entitled, the Court will require Plaintiff's counsel to timely file in advance of the subject hearing the following documents:

      1. Proposed Findings of Fact and Conclusions of Law,

      2. A Default Hearing Memorandum which sets forth the legal and

factual basis of all claims for damages; the reasonable attorney's fees,[1] if requested and authorized by law; and costs,[2] including citations to appropriate authorities to support the damages and injunctive relief Plaintiff seeks from the Court at the subject hearing,

  3. An appropriate affidavit for reasonable attorney's fees, if requested and authorized by law, and related non-taxable expenses in compliance with Local Rule LRCiv 54.2(d) and (e), and,

  4. A proposed Default Judgement for District Judge Martone's signature with the identity of the specific damages; reasonable attorney's fees, if requested and authorized by law; non-taxable expenses; and costs specifically itemized therein. The injunctive relief, if any, sought by Plaintiff shall also be set forth therein.

  Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. Under certain circumstances, default judgment can be entered by the clerk of the court. Fed. R. Civ. Proc. 55(b)(1). Where, as here, Plaintiff's claim is not for a sum certain, a default judgment can only be entered by the Court. Rule 55(b)(2), FED.R.CIV.P.

  Since the default damages hearing will be an on-the-record evidentiary hearing, Plaintiff's counsel shall call one or more witnesses to prove Plaintiff's damages sought in his Second Amended Complaint, docket # 31, except that reasonable attorney's fees, non-taxable expenses, and costs may be proven by appropriate affidavit. The former Rule 55(b)(2), FED.R. CIV.P., permitted a district court to conduct a default hearing "as it deems necessary and proper." Per the Supplementary Note to Rule 55(b)(2), the 2007 amendments to the Rules of Civil Procedure were "intended to be stylist only." Supplementary Note to amendments to Rule 55. The Court, therefore, possesses the authority under either the current Rule or pursuant to its inherent authority to ensure fair

---

[1] This memorandum shall comply with the motion requirements for an award of reasonable attorney's fees set forth in LRCiv) 54.2(d) and (e), Rules of Practice of the United States District Court for the District of Arizona.

[2] See, LRCiv 54.1(e).

- 2 -

notice and an opportunity to be heard are extended to Defendants despite their apparent "abandonment" of this case. (docket # 63) Even though these Defendants are not likely entitled to notice of the subject hearing, notice will nevertheless be extended to them. *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141-42 (9th Cir. 1989) (notice requirement of Rule 55(b)(2) does not apply where party is defaulted for failing to attend the first day of a trial scheduled for months).

Since Defendants initially appeared through counsel in this matter when they filed their Answer on October 2, 2007, and to ensure fundamental fairness to Defendants Patriot Motorcycles Corporation and Michael Attias and to the integrity of the truth-finding process, the Court will also permit these Defendants through new counsel or Defendant Michael Attias *pro se* to cross examine and present evidence solely on the issue of the amount of damages and scope of injunctive relief sought by Plaintiff to establish the truth of Plaintiff's averment by evidence.  Fed.R.Civ.P. 55(b)(2); *Christy A. v. Arizona Department of Economic Security*, 217 Ariz. 299, 173 P.3d 463, 470 (Ariz.App.Ct. 2007) (citing *Mayhew v. McDougall*, 16 Ariz.App. 125, 130, 491 P.2d 848, 853 (1971) (holding that a defaulted defendant has the right to contest the issue of damages); *Dungan v. Superior Court*, 20 Ariz.App. 289, 290, 512 P.2d 52, 53 (Ariz.App.Ct. 1973) ("Since we are committed to an adversary system of justice, we do not construe [Rule 55(b)(2)] to mean that a 'hearing' ipso facto means a one-sided presentation by the party seeking the default judgment.").  Discovery will not be permitted on the liability, damages or injunctive relief  issues because after default has been entered, the well- pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *Philip Morris USA, Inc. v. Castworld Prods., Inc.,* 219 F.R.D. 494, 498 (C.D.Cal. 2003) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987);  *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); *Beck v. Atlantic Contracting Co.*, 1994 WL 608598, at *1 (D.Kan. 1994) (entering default judgment and accepting as true the allegations regarding the defendant's willful and wanton conduct, entitling the plaintiff to recover punitive

damages). Each side shall be allocated one hour for direct and cross examination at the subject hearing. To the extent Defendants will cooperate with Plaintiff's counsel, the parties are encouraged to attempt to stipulate to as many facts, relief or such damages as they may agree.

Accordingly,

**IT IS ORDERED** hereby setting a default damages evidentiary hearing for **1:30 p.m. on Wednesday, August 27, 2008** before the undersigned at the Sandra Day O'Connor U.S. Courthouse, Courtroom 302, 401 W. Washington, Phoenix, Az. Allotted time: 2 hours. Plaintiff's counsel shall also file with the Court those default damages documents itemized herein on or before **Monday, August 18, 2008.**

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall exercise their best efforts to serve a copy of this Order via mail on Defendants Patriot Motorcycles Corporation and Michael Attias' new attorney of record, if any,[3] or on Defendants themselves at their last known addresses **within 10 days** of today's date and the aforesaid default hearing documents on or before **Monday, August 18, 2008.** Plaintiff shall demonstrate compliance with this Order at the subject hearing as a condition to any recommendation for default judgment. Defendants Patriot Motorcycles Corporation and Michael Attias may file written responses to the damage and injunctive relief issues on or before **Monday, August 25, 2008.** Untimely responses may not be considered. Replies will not be permitted.

DATED this 15th day of July, 2008.

_____
Lawrence O. Anderson
United States Magistrate Judge

---

[3] Defendants Patriot Motorcycles Corporation and Michael Attias former counsel were withdrawn as their counsel on June 4, 2008. (docket # 57)

- 4 -