**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John Covington, et al., | ) | No. CV-07-955-PHX-FJM |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| Patriot Motorcycles Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This is the time set for evidentiary hearing regarding default damages pursuant to the order of reference. (docket # 63)  Plaintiffs are present and represented by counsel, Daniel D. Maynard. Defaulted Defendants are not present despite Plaintiffs' efforts to give them fair notice and an opportunity to participate in this proceeding. Defendants Gernak and Simon are not present but are represented by counsel, Todd A. Baxter[1] and Martin P. Eramo. Court reporter, Elaine Cropper, is present.

The Court and Plaintiffs' counsel are surprised that attorneys for non-defaulted Defendants Gernak and Simon are present. Neither the Court nor Plaintiffs' counsel received prior notice of defense counsels' desire to actively participate in this hearing. Although defense counsel initially expressed desired to participate in the default

---

[1] Mr. Baxter has not filed a Notice of Appearance or substituted in as counsel for Defendants Gernak.

1  damages hearing, counsel subsequently recanted in open court and only wanted to
2  observe the proceedings.

3  All counsel and the Court realize that the non-defaulted Defendants'
4  participation, or failure to participate if permitted to do so, in the default damages hearing
5  may have collateral estoppel consequences if the non-defaulted Defendants are liable for
6  Plaintiffs' indivisible injuries and damages. Additionally, the possibility exists that there
7  may be inconsistent judgments if this hearing were to proceed. See, *Harvey v. Home*
8  *Savers Consulting Corp.*, 2008 WL 724152, at *1 (E.D.N.Y. 2008) ("[I]n a multi-
9  defendant case,  where some but not all defendants have defaulted, the courts have
10 consistently held that it is appropriate to enter judgment solely as to liability and not as to
11 the amount of damages to be assessed against the defaulting party, since a separate
12 determination of damages would pose the prospect of inconsistent judgments.") (citations
13 omitted); *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430 (8th Cir.
14 1992).

15 All counsel agree to vacate today's hearing so that memoranda of law or a
16 motion to withdraw the reference may be prepared and filed with the assigned District
17 Judge, the Hon. Frederick J. Martone. Counsel further stipulate to the briefing schedule
18 set forth hereinafter. If the order of reference is not withdrawn, the undersigned will
19 determine if the non-defaulted Defendants may actively participate in the default damages
20 hearing and, if so, the scope of that participation.

21 Accordingly,

22 **IT IS ORDERED** hereby **vacating** the evidentiary default damages
23 hearing set for August 27, 2008 and **resetting** it, if appropriate, for **Wednesday, October**
24 **22, 2008 at 1:30 p.m.** before the undersigned at the Sandra Day O'Connor U.S.
25 Courthouse, Courtroom 302, 401 W. Washington, Phoenix, Az.  Allotted time: 3 hours.

26 **IT IS FURTHER ORDERED** that defense counsel for the non-defaulted
27 parties shall timely file either a memorandum of law on the issues described herein or a
28 motion to withdraw the reference on or before **5:00 p.m. on Wednesday, September 10,**

- 2 -

**2008.** Plaintiffs shall timely file either a responsive memorandum of law on the issues described herein or a motion to withdraw the reference on or before **5:00 p.m. on Friday, September 19, 2008.** Defense counsel may file a reply on or before **Wednesday, September 24, 2008.** Untimely response or replies may not be considered.

DATED this 28th day of August, 2008.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge