1   **WO**

2

3

4

5                    **NOT FOR PUBLICATION**

6          IN THE UNITED STATES DISTRICT COURT

7                FOR THE DISTRICT OF ARIZONA

8

9   John Covington and Deborah Covington,)   No. CV-07-955-PHX-FJM
    husband and wife,                     )
10                                         )   **ORDER**
                  Plaintiffs,             )
11                                         )
    vs.                                    )
12                                         )
                                           )
13  Patriot Motorcycles Corporation, a Nevada)
    Corporation; Michael Attias and Jane Doe)
14  Attias, husband and wife; David Gernak)
    and Jane Doe Gernak, husband and wife;)
15  Dick Simon and Jane Doe Simon, husband)
    and wife,                              )
16                                         )
                  Defendants.             )
17                                         )
                                           )
18

19          Plaintiffs John and Deborah Covington brought this action against Patriot Motorcycles

20  Corporation ("Patriot"), Michael Attias, David Gernak, and Dick and Dianne Simon

21  (collectively, the "Simons") alleging several causes of action arising from the sale of their

22  motorcycle business and the licensing of associated trademarks. Patriot and Michael Attias

23  failed to defend and default was entered against them. Plaintiffs' claims for common law

24  fraud and aiding and abetting tortious conduct, namely unfair competition and violations of

25  the Lanham Act, against defendants Gernak and the Simons were tried before a jury in

26  January 2009. After the close of evidence, the court granted directed verdict in favor of

27  defendants as to the aiding and abetting claim. Plaintiffs' common law fraud claim was

28  submitted to the jury, which returned a verdict for defendants.

1    Defendant Gernak now seeks an award of $26,201 in attorneys' fees. The Simons

2    also seek an award of attorneys' fees in the amount of $46,212.75. Because these motions

3    raise nearly identical issues, we will consider them together. We have before us Gernak's

4    motion for attorneys' fees (doc. 148), plaintiffs' response (doc. 150), and Gernak's statement

5    of consultation and supporting memorandum (doc. 154). We also have before us the Simons'

6    motion for attorneys' fees (doc. 147), plaintiffs' response (doc. 149), and the Simons'

7    memorandum of points and authorities, statement of consultation, and supplemental

8    statement of consultation (docs. 151, 152 & 153).

9    We must first determine whether defendants are entitled to an award of attorneys' fees

10   in this case. Gernak and the Simons seek an award of attorneys' fees as prevailing

11   defendants on plaintiff's Lanham Act claims. The Lanham Act provides that for trademark

12   claims, "[t]he court in exceptional cases may award reasonable fees to the prevailing party."

13   15 U.S.C. § 1117(a). However, the complaint does not allege a cause of action for Lanham

14   Act violations against Gernak and the Simons, but a cause of action for aiding and abetting

15   tortious conduct (doc. 31). Although plaintiffs attempted to show Lanham Act violations as

16   an underlying bad act for their "aiding and abetting" claim, the cause of action arose in tort.

17   See Wells Fargo Bank v. Ariz. Laborers, Teamsters and Cement Masons Local No. 395

18   Pension Trust Fund, 201 Ariz. 474, 485, 38 P.3d 12, 23 (2002). Defendants have not

19   presented any theory under which they are entitled to attorneys' fees for plaintiffs' tort

20   action.

21   Moreover, even if this were a case arising under the Lanham Act, defendants would

22   not be entitled to attorneys' fees. The Lanham Act's provision for attorneys' fees in

23   exceptional cases is to be construed narrowly. See Classic Media, Inc. v. Mewborn, 532 F.3d

24   978, 990 (9th Cir. 2008). To be entitled to fees, a prevailing defendant must show that the

25   plaintiff's case was "groundless, unreasonable, vexatious, or pursued in bad faith." Stephen

26   W. Boney, Inc. v. Boney Serv., Inc., 127 F.3d 821, 827 (9th Cir. 1997). Defendants do not

27   argue that plaintiffs pursued this action unreasonably or in bad faith, but argue that plaintiffs'

28   claim was groundless.

1   Although we granted defendants' Rule 50, Fed. R. Civ. P., motions for judgment as

2   a matter of law on plaintiff's aiding and abetting claim at trial, plaintiffs' claim was not

3   unreasonable or groundless. Plaintiffs had a good faith belief that their trademarks had been

4   infringed, that defendants were involved with this infringement, and that they would be able

5   to so demonstrate at trial.[1]  In addition, it is unclear why, if the plaintiffs' claims were

6   groundless, as defendants now allege, neither Gernak nor the Simons filed a motion for

7   summary judgment and instead proceeded with the time and expense of a trial by jury.

8       Accordingly, **IT IS ORDERED DENYING** defendant Gernak's motion for

9   attorneys' fees (doc. 148). **IT IS FURTHER ORDERED DENYING** defendants Dick and

10  Dianne Simon's motion for attorneys' fees (doc. 147).

11      DATED this 13th day of August, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

---

[1]Indeed, plaintiffs' belief that their trademark had been infringed was reasonable in
light of Patriot's failure to defend against their claims of infringement.

- 3 -